**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Brewer, | No. CV-23-00331-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Pro One Security PLLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Joseph Brewer's Application for Entry of Default Judgment. (Doc. 11.) For the following reasons, the Application will be granted.

**I.     Background**

On July 21, 2023, Plaintiff filed a Complaint against Defendants Pro One Security PLLC ("Pro One") and Jose Luna, owner of Pro One, alleging failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1.) Plaintiff alleges that while employed by Pro One, he routinely worked approximately 60-70 hours per week, for which he was paid "straight time" but not overtime. (*Id.* at 5.)

On August 16, 2023, Plaintiff served Luis Garcia, who is authorized by law to accept service of process on behalf of Pro One, at 4400 E. Broadway Blvd., Suite 801, Tucson, AZ 85711. (Doc. 5.) On August 23, 2023, Plaintiff served Jose Luna at 5565 W. Cortaro Farms Rd., Tucson, AZ 85742. (Doc. 6.) To date, neither Defendant has answered or otherwise responded to Plaintiff's Complaint. The Clerk entered default on September 15, 2023. (Doc. 10.)

## II. Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff may thereafter apply for entry of a default judgment by the Court. Fed. R. Civ. P. 55(b)(2). The Court may conduct a hearing if necessary to enter or effectuate judgment. *Id.* In determining whether to grant default judgment, courts consider "(1) the possibility of prejudice to the plaintiff, (2) the merits of [the] plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. Discussion

Plaintiff satisfies the first *Eitel* factor because he would lose the right to a judicial resolution of his claims if default judgment were not entered. The second and third *Eitel* factors also support granting Plaintiff's Application for Entry of Default Judgment. Plaintiff alleges that he was not compensated for overtime work performed, in violation of the FLSA. (Doc. 1.) The FLSA "requires employers to pay their employees who work more than forty hours in a workweek overtime compensation at one and one-half times the regular rate." *Haro v. City of Los Angeles*, 745 F.3d 1249, 1253 (9th Cir. 2014); 29 U.S.C. § 207(a). By alleging that Defendants failed to compensate him for overtime hours worked at one and one-half times his regular rate, Plaintiff has sufficiently stated claims under the FLSA.

In his Application for Entry of Default Judgment, Plaintiff avers that he worked approximately 75 hours of overtime for Defendants, for which he was paid his regular rate and not overtime compensation at one and one-half times his regular rate. (Doc. 11-1 at 3.) Plaintiff estimates he is owed $29,412.50 in overtime compensation. (*Id.*) Plaintiff also seeks liquated or double damages. (*Id.*) Under the FLSA, 29 U.S.C. §

216(b), successful plaintiffs "are entitled to liquidated damages in the amount of the unpaid overtime compensation (i.e. double damages)." *Haro*, 745 F.3d at 1259. In total, Plaintiff estimates that he is owed $58,825. The Court finds that the sum of money at stake, the fourth *Eitel* factor, weighs in favor of granting Plaintiff's Application for Entry of Default Judgment.

Plaintiff states that Defendants "altered" his timecards to reflect that he worked fewer hours than he had. (Doc. 1 at 5.) Plaintiff avers that he estimated the unpaid overtime figure "based on an equation of the .5 overtime" not paid, "his hourly rate for the specific periods," and "25 hours of overtime worked as an estimate between 60 – 70 hours worked per week." (Doc. 11 at 6.) When an employer's records are inaccurate or inadequate, the employee must prove he has performed work for which he was improperly compensated and must "produce[] sufficient evidence to show the amount and extent of that work as a matter of a just and reasonable inference." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (internal emphasis and quotation marks omitted). "The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence." *Id.* (internal quotation marks omitted). Because Plaintiff has not provided time or pay records supporting his claimed damages, there is a possibility of a material dispute regarding the hours that Plaintiff worked and the damages to which Plaintiff is entitled. However, the current record contains no evidence negating the reasonableness of Plaintiff's estimates of his hours worked. The Court finds that the fifth *Eitel* factor is neutral.

There is no evidence in the record to indicate that Defendants' default was due to excusable neglect. Therefore, the sixth *Eitel* factor favors granting Plaintiff's Application. The policy favoring decisions on the merits supports denying default judgment, but it does not outweigh the other *Eitel* factors that support granting default judgment. Accordingly, the Court will grant Plaintiff's Application for Entry of Default Judgment. The Court finds that a hearing on Plaintiff's Application is not necessary.

**IT IS ORDERED** that Plaintiff's Application for Entry of Default Judgment (Doc. 11) is **granted**. The Clerk of Court is directed to enter default judgment in favor of Plaintiff Joseph Brewer and against Defendants Pro One Security PLLC and Jose Luna in the amount of $58,825, and close this case.

Dated this 17th day of November, 2023.

_____
Honorable Rosemary Márquez
United States District Judge