**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Brewer, | No. CV-23-00331-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Pro One Security PLLC and Jose Luna, | |
| Defendants. | |

On July 21, 2023, Plaintiff filed a Complaint against Defendants Pro One Security PLLC ("Pro One") and Jose Luna, owner of Pro One, alleging that Defendants failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1.) Service was executed on August 16, 2023, and August 23, 2023, as to Pro One and Jose Luna, respectively. (Docs. 5, 6.) However, Defendants failed to answer or otherwise respond to the Complaint. The Court granted Plaintiff's Motion for Default Judgment on November 20, 2023, awarding damages of $58,825. (Doc. 12.) The Clerk of Court entered judgment in favor of Plaintiff on the same day. (Doc. 13.) Plaintiff then filed the pending Motion for Attorney Fees. (Doc. 15.)

**I.     Legal Standard**

A motion seeking an award of attorney's fees and non-taxable costs must include a discussion of the party's eligibility and entitlement to the award, as well as a discussion of the reasonableness of the requested award. LRCiv 54.2(c)(1)-(3). The motion must be accompanied by supporting documentation, including the relevant fee agreement, a task-

based itemized statement of time expended and expenses incurred, and an affidavit of moving counsel. LRCiv 54.2(d).

The FLSA entitles a prevailing plaintiff to an award of reasonable attorney's fees and costs. 29 U.S.C. § 216(b). Courts employ a two-step "'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016)). First, to calculate the lodestar figure, the court multiplies "the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.* "Second, the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Id.*

Hours that are "excessive, redundant, or otherwise unnecessary" are not considered reasonably expended and should be excluded from the lodestar figure. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). In determining what constitutes a reasonable hourly rate, courts look to the prevailing market rates in the relevant community "for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (courts generally look to the rates of attorneys practicing in the forum district). The party seeking an award of attorney's fees bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). "[A]ffidavits of the plaintiffs' attorneys and other attorneys regarding prevailing fees in the community, and rate determinations in other cases are satisfactory evidence of the prevailing market rate." *Id*. (internal quotation and alteration marks omitted).

In the second part of the analysis—determining whether the lodestar figure should be adjusted upward or downward—courts consider the following:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due

to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (quoting *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1976), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)); *see also* LRCiv 54.2(c)(3).

## II.   Discussion

As the prevailing party in this litigation, Plaintiff is entitled under the FLSA to an award of reasonable attorney's fees and non-taxable costs, and his Motion is timely under LRCiv 54.2(b)(2).

Plaintiff requests an attorney's fee award in the amount of $4,450 for 10 hours incurred by attorney Jason Barrat at the hourly rate of $445. (Doc. 15-1 at 4.) Mr. Barrat is a partner at Weiler Law PLLC, with approximately 12 years of experience in wage and hour employment litigation. (*Id.* at 2-3.) In support of his requested rate, Plaintiff cites *Ekstrand v. Tru Realty LLC*, a similar default case in which the plaintiff's attorneys were awarded a rate of $445 per hour. (Doc. 15 at 7 (citing No. CV-23-01416, (D. Ariz. October 20, 2023))). Plaintiff also cites *Vega v. Fine Food Incorporated et al.,* an FLSA case ending in default in which Mr. Barrat received a rate of $445 per hour. (Doc. 15 at 7 (citing No. CV-23-01682, (D. Ariz. November 2, 2023))).

However, the weight of the authority appears to support a rate closer to $395 per hour. For example, another court within this district recently reduced Mr. Barrat's requested $445 per hour rate to $395 per hour, noting that "the hourly rate in this district has routinely been awarded at a rate between $350 per hour and $395 per hour." *Dozzi v. On Point Solar Power LLC*, No. CV-23-02206-PHX-JZB, 2024 WL 3416097, at *6 (D. Ariz. June 24, 2024), *report and recommendation adopted*, No. CV-23-02206-PHX-JZB, 2024 WL 3414044 (D. Ariz. July 15, 2024); *see also Ramos v. Probuilds LLC*, No. CV-

23-01111-PHX-SMM (DMF), 2024 WL 1078078, at *6 (D. Ariz. Feb. 26, 2024), *report and recommendation adopted*, No. CV-23-01111-PHX-SMM, 2024 WL 1071204 (D. Ariz. Mar. 12, 2024) (collecting cases in support of the proposition that "[p]laintiff's counsel has regularly been awarded a $350 to $395 hourly rate" in this district); X*alamihua v. GGC Legacy Janitorial Services LLC*, No. CV-23-00009-TUC-BGM, 2024 WL 942101, at *2 (D. Ariz. Mar. 5, 2024) (reducing plaintiff's requested $445/hour rate to $395/hour as is "more in line with the prevailing market rate in this community").

The Court also notes that Mr. Barrat recently asserted a billing rate of $400 per hour, which was found to be reasonable in at least two other FLSA cases ending in default. *See, e.g.*, *Fritch v. Orion Manufactured Hous. Specialists Inc.*, No. CV-21-00509-TUC-JGZ (JR), 2023 WL 8781248, at *4 (D. Ariz. Dec. 19, 2023) (finding $400/hour a reasonable rate for Barrat); *Mumphrey v. Good Neighbor Community Services LLC*, No. CV-23-00923-PHX-ROS, 2023 WL 8702103, at *3 (D. Ariz. Dec. 15, 2023) (same). Based on the prevailing rates in this district, the Court will reduce counsel's requested hourly rate to $400 per hour, which the Court finds reasonable given counsel's experience.

Plaintiff avers that he spent 10 hours working on this litigation and that "[s]upport staff for Weiler Law spent approximately three hours working on this case, which has been written off in its entire[t]y." (Doc. 15 at 5.) Having reviewed Plaintiff's counsel's billing records (Doc. 15-2 at 2-3), the Court finds no non-compensable clerical tasks and that counsel reasonably expended 10 hours on this litigation. *See, e.g., Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (purely clerical tasks, such as filing and document organization, should be "subsumed in firm overhead"). Multiplied by the hourly rate of $400, the Court finds a lodestar figure of $4,000.

After considering the factors set forth in *Kerr* and LRCiv 54.2(c)(3), the Court finds it appropriate to award the lodestar figure without upward or downward adjustment. Although the case involved a specialized area of law with which counsel has particular experience, the case itself was relatively straightforward and did not require significant

time and labor. Additionally, counsel achieved complete relief for Plaintiff. Counsel worked on a contingency fee basis and did not charge Plaintiff any out-of-pocket costs. (Doc. 15-1 at 3; Doc. 15-6 at 2-3.)

In addition to requesting attorney's fees, Plaintiff requests $4,000 for costs that may be incurred in potential collection efforts. (Doc. 15 at 9.) Counsel submits exhibits of itemized collection costs showing the firm incurred costs of $14,000, $9,500, and $5,500 in other FLSA cases. (*Id.* at 10; Docs. 15-3, 15-4, 15-5.)

Although counsel has shown that his firm has incurred collection costs in prior instances, he has not demonstrated that he will incur $4,000, or any specific amount, to collect on this particular judgment. More specifically, Plaintiff has made no showing that Defendants will resist payment. Plaintiff has not explained what collection efforts will be taken in this specific case. Finally, he has not presented evidence supporting the contention that collection efforts will cost $4,000. Because Plaintiff has not shown that the requested costs are reasonable and not overly speculative, the Court declines to award $4,000 in anticipated collection costs. *See Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022) (finding request for anticipated collection costs overly speculative, even where the defendant has not responded and default judgment has been awarded). However, the Court grants Plaintiff leave to file a motion seeking collection costs or additional attorney's fees after such costs or fees are incurred.

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 15) is **granted in part and denied in part**. Defendants shall pay Plaintiff $4,000.00 in attorney's fees.

Dated this 16th day of August, 2024.

_____
Honorable Rosemary Márquez
United States District Judge